COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Bray and Senior Judge Duff
 Argued at Alexandria, Virginia


DONALD HOLLOMAN, JR.
                                        OPINION BY
v.      Record No. 1037-95-4        JUDGE CHARLES H. DUFF
                                     SEPTEMBER 17, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Jane Marum Roush, Judge

        Crystal A. Meleen, Assistant Public Defender
        (Office of the Public Defender, on brief),
        for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.



     Donald Holloman, Jr. (appellant) was convicted of

intentionally discharging a firearm while in a motor vehicle, so

as to create the risk of injury or death to another person or

thereby cause another person to have a reasonable apprehension of

injury or death.  He alleges that because a jury deadlocked in an

earlier trial on the charge and a mistrial was declared, the jury

unanimity requirement of Article I, § 8 of the Virginia

Constitution prohibited the Commonwealth from trying him again on

the charge.  We disagree and affirm the conviction.

                            I.

     Appellant was indicted for discharging a firearm (Count I),

and unauthorized use of an automobile (Count II).  The court

empaneled a jury to hear the charges against appellant.  However,

because a juror overheard a witness, outside the courtroom,

express fear of retribution to a police officer, the court, at appellant's request, declared a mistrial.

A new trial on the charges commenced. After deliberating, the jury advised the court that it had reached a verdict on one of the charges but was "impossibly hung" on the other. The jury convicted appellant of the unauthorized use of an automobile charge. The foreman stated that he did not believe that further deliberation would yield a verdict on the discharging a firearm charge. Despite appellant's motion for the court to dismiss the charge, the court declared a mistrial in the firearm case.

Thereafter, appellant filed a "Motion For Judgment Of Acquittal," arguing that "Article I, § 8 of the Virginia Constitution provides that each person charged with a criminal offense has a right to trial by an impartial jury 'without whose unanimous consent he cannot be found guilty.'" Appellant alleged that because the Commonwealth's evidence was insufficient to obtain a unanimous finding of guilt in the previous trial, the court should enter judgment of acquittal for appellant. The court denied the motion and a jury subsequently convicted appellant on the firearm charge.

## II.

Appellant contends that because the Virginia Constitution provides for conviction by unanimous consent and does not require unanimous consent for acquittal, he was entitled to a judgment of acquittal after the Commonwealth failed to prove the offense,

beyond a reasonable doubt, to the satisfaction of all twelve jurors in the earlier trial.

The unanimity requirement in Article I, § 8 of the Virginia Constitution, however, merely prevents a less-than-unanimous jury from convicting a defendant of a crime. Some states permit conviction by less-than-unanimous consent; Virginia does not.[1] Nothing in the unanimity requirement of Article I, § 8 entitles a defendant to an acquittal if the jury cannot reach a verdict.

Various provisions of the Virginia Code envision retrial following a hung jury. For example, Code § 19.2-243, concerning speedy trial, provides that the statutory time limits do not apply to the period of delay caused "[b]y the inability of the jury to agree in their verdict." See Rogers v. Commonwealth, 5 Va. App. 337, 344, 362 S.E.2d 752, 756 (1987) (Code § 19.2-243 not applicable to appellant's case, "since appellant's retrial was necessitated by the jury's inability in the first trial to agree in its verdict").

In this case, the trial court took the only appropriate course of action. See Code § 8.01-361 (jury may be discharged "when it appears they cannot agree on a verdict"); Miller v. Commonwealth, 217 Va. 929, 933, 234 S.E.2d 269, 272 (1977), cert.

---

[1]The United States Supreme Court has ruled that a state scheme which allows for less-than-unanimous verdicts in some types of criminal cases does not violate the Due Process or Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. See Johnson v. Louisiana, 406 U.S. 356 (1972).

denied, 434 U.S. 1016 (1978) ("[w]e can conceive no clearer case of manifest and urgent necessity for a mistrial than that presented to a trial court when it is confronted with a jury which is unable or unwilling to agree on a verdict after due deliberation").

Here, the jury could not agree on the issue of guilt on the discharge of the firearm charge. Its inability to reach a unanimous verdict did not resolve the facts in appellant's favor. The trial court properly declared a mistrial and appellant was retried and convicted by a unanimous jury. This procedure did not violate the Virginia Constitution.

We affirm the judgment of the trial court.


Affirmed.